## THE STATE v. MARSHALL DENT, Appellant.

### Division Two, December 2, 1902.

1. **Seduction Under Promise of Marriage:** SUFFICIENCY OF EVIDENCE. If the facts disclosed by the evidence are sufficient to take the case to the jury, the court will not interfere on the ground that they do not make out the crime of seduction. If there is enough evidence to take the case to the jury, it then becomes their province to pass on its weight.

2. ————: READING STATUTE TO JURY. The prosecuting attorney's practice of reading to the jury in his opening statement those provisions of the statute which directly relate to the offense charged, is not to be commended. But in this case, which is a prosecution for seduction under promise of marriage, it is held that the reading of the section which provided that further prosecution of the case shall be barred if the defendant marry the woman before judgment, is not reversible error, because defendant was not thereby prejudiced or injured.

3. **Cross-Examination of Defendant:** GENERAL OBJECTION. A general objection to the cross-examination of defendant is the same as no objection at all.

4. **Seduction:** DEFECTIVE INSTRUCTION: SUPPLIED BY DEFENDANT'S. A defect in the State's instruction may be supplied by defendant's. In a prosecution for seduction under promise of marriage, the defect in the State's instruction which tells the jury that "the prosecutrix is seduced within the meaning of that term, when by arts and bland-

ishments she is deceived, corrupted and drawn aside from the right path," is cured by an instruction for defendant and by another for the State which require the jury to find that the prosecuting witness was seduced by promise of marriage.

5. Impeachment of Witness: MATERIAL FACTS. An instruction that leaves it to the jury to say what are the material facts that will impeach a witness, is not erroneous.

6. Redundant Instructions. It is not error to refuse an instruction, however correct from a legal standpoint it may be, if another covering the same principle is given.

7. Seduction: REFORMATION. Evidence that the prosecutrix was of good repute at the time of the alleged seduction, tends strongly to show that, if she had ever been otherwise than of good repute, she had reformed and was following the path of virtue. And in such case it is not error to give an instruction concerning her reformation.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*W. P. Elmer* and *J. J. Cope* for appellant.

(1) The court erred in refusing defendant's instruction in the nature of a demurrer; the evidence of Augusta Capps fails to make a case of seduction; she testifies to no arts, blandishments and wiles, nothing done by defendant to gain her affections, pollute her thoughts, corrupt, deceive and draw her aside from the path of virtue. No testimony that the promise of marriage was used for that purpose. She says he "seduced" me, but that is her conclusion. Here is all she could say to support the State's case: "After the engagement of marriage I gave up to him and he said he would do as he promised. We became engaged and he talked about it two or three times and he talked about it the night he seduced me and he said he would take me—. Yes, sir, we was to be married, we were engaged in the fall but he said he was too young—. He asked me to give up to him and kept insisting on it and after the engagement I gave up to him. He said

for me to let him have it, that we were going to be married anyhow, and it would not make any difference. It was under the engagement I consented to him. He renewed his engagement and said there was no use being afraid, that he would marry me if anything happened, that we were engaged and he would marry me anyway, and that is the reason I consented to him.'' We submit that this does not make out the crime of seduction. Virtually her testimony amounts to this: ''I will marry you if anything happens. I will marry you sometime anyhow if you will let me have it now.'' State v. Reeves, 97 Mo. 668; State v. Eckler, 106 Mo. 587. The promise and consent must be unconditional and the sole inducement. When coupled with the condition '' if anything happened,'' no law is violated. The testimony of Augusta Capps as to the promise of marriage was not corroborated to the extent required. No ''act, conduct or conversation, or constancy and duration of attention'' by defendant could reasonably carry conviction to the mind of an engagement. His ''calling'' as testified to by the girl, her father and mother, certainly do not prove it. She said defendant called sometimes oftener than once a month, sometimes it was two or three months between visits. Mr. Capps said, ''I paid no attention to it; he came over once in a while.'' Both said defendant never said aught to them of marriage. No other witness testified to any ''lover-like'' conduct. This does not satisfy the statute requiring corroboration to same extent as in perjury. R. S. 1899, sec. 2631; State v. Hill, 91 Mo. 423; State v. Reeves, supra; State v. Primm, 98 Mo. 368; State v. McCaskey, 104 Mo. 644. (2) Instruction numbers 7 and 8 are erroneous. There was no testimony that she was following the path of virtue at the time of the intercourse by defendant, nor that she had reformed and quit such conduct. Murray, Harry and Ferman Lay, testified to intercourse with her, and she denied it. Butterfield and Merritt testified to taking indecent liberties with her person. She did not even deny this. If she had intercourse or permitted the tak-

ing of such improper liberties with her person as testified to, she was not following the path of virtue, and could not be seduced therefrom. The issue was clearly drawn as to which the jury should believe, and there was no evidence of a reformation or return to the path of virtue. Where there is no evidence to base an instruction on it is error to give it. State v. Primm, 98 Mo. 373; State v. Reeves, supra; State v. Weaver, 165 Mo. 7. It is true these instructions were approved in State v. Sharp, 132 Mo. 170, and it was there held that proof of "good repute" was evidence of reformation and pursuit of virtue. But the Primm and Reeves cases were not overruled and possibly overlooked, for they hold a contrary doctrine. Further, the term "seduce," means to draw aside from the path of virtue. Bad repute comes only after bad conduct; never preceding it. Her general reputation may be good, but private life notorious. Good repute should not be allowed to offset positive acts of fornication and lewdness. We strongly urge a reconsideration of the Sharp case as we believe it is not based upon sound law or justice. State v. Wheeler, 108 Mo. 665.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries,* for the State.

(1) Appellant complains that the court permitted the prosecuting attorney to read to the jury in his opening statement the section of the statute upon which this prosecution was based. This was not error; it was the law and there is no evidence or indications that defendant was injured by it. It is proper for the State to have read the statute under which the defendant is prosecuted. State v. Boogher, 8 Mo. App. 599. (2) The prosecutrix in this case was a competent witness to testify to the promise of marriage, and also the circumstances and facts corroborating that testimony. She is a competent witness to testify to the promise of marriage, and also to the facts that would tend to prove

Vol 170 mo—26.

the engagement, but her evidence must be corroborated by the testimony of others and by facts and circumstances proven in some manner other than by the testimony of the prosecutrix. The authorities relied upon by appellant hold that the prosecutrix must be corroborated in the promise of marriage, not that her giving evidence and telling of circumstances which will corroborate her is inadmissible. State v. McCaskey, 104 Mo. 644. (3) Instruction number two, given for the State, and number five, given for the defendant, do not conflict in any manner. The one given for the defendant is amply broad, and gave him every advantage, and number two, given for the State, can only be construed in conjunction with number one, given for the State, and the jury could not have construed it in any other manner than in connection with number one, given for the State. One and two, given on the part of the State, were in exact accordance with the law as interpreted by this court in a case wherein the evidence was practically the same as in this case. State v. Sharp, 132 Mo. 170. (4) The most that can be said against instructions seven and eight would be that there is no evidence that the prosecutrix had reformed, and to say the most such an objection to the instruction would simply be surplusage and no harm could possibly come of their having been given by the court. Under the evidence in the case, the jury would be warranted in finding, and perhaps they did find, that the prosecutrix had always followed the path of virtue, that there had never been occasion for a reformation upon her part up to the time of the commission of this crime. Instructions seven and eight were properly given. State v. Sharp, 132 Mo. 170.

BURGESS, J.—Defendant was convicted in the circuit court of Dent county, and his punishment fixed at imprisonment in the county jail of said county for the term of six months and a fine of five hundred dollars, under an information filed in the circuit court of said county by the prosecuting attorney thereof, charg-

ing him with having at said county on the  .  .  .  day of June, 1901, under and by promise of marriage seduced and debauched one Augusta Capps, an unmarried female of good repute and under twenty-one years of age.    After unsuccessful motions for new trial and in arrest, defendant appeals.

Defendant began keeping company with the prosecuting witness, Augusta Capps, when she was thirteen years old, and she was nineteen at the time of the trial, April 25, 1902.   She testified that he called upon her at her home, and that she thought he loved her, and they became engaged, and went together off and on until June 15, 1901, when he seduced her under the promise of marriage; that at the time he seduced her, he said that he would do as he promised to do, that they would live in Jeff Dent's place, and that she gave up to him; that as a result of this connection she was delivered of a child on the 9th day of April, 1902, of which defendant is the father.   The evidence showed that the offense was committed in Dent county.   It also showed that Augusta Capps was of good repute prior to and up to the time the offense is alleged to have been committed.   There was some evidence tending to show the corroboration of the prosecuting witness with respect to the promise of marriage.

Defendant introduced evidence tending to show that Augusta Capps was not of good repute at the time of her alleged seduction by him, and that she had before that time been guilty of lewd conduct, and had criminal connection with other men.   Defendant testified in his own behalf and denied that he had ever at any time promised to marry Augusta Capps, but did not deny having connection with her at the times and places stated by her.   He admitted that he had offered her two hundred dollars to compromise.

Defendant contends that the facts disclosed by the evidence did not make out the crime of seduction, but a sufficient answer to this contention is that they were sufficient to take the case to the jury, whose province it was to pass upon their weight, and they having found

adversely to this contention their verdict will not be interfered with upon that ground.

Nor is the assertion that there was no evidence that the offense was committed in Dent county sustained by the record, for no other conclusion could be drawn from the evidence than that it was, and the jury having so found under proper instruction there was no error upon that score. [State v. Darrah, 152 Mo. 522.]

Over the objection of defendant the prosecuting attorney was permitted to read to the jury at the beginning of the trial, section 1844, Revised Statutes 1899, that being the section upon which the prosecution is bottomed. That section provides that, "if before judgment upon an indictment, the defendant marry the woman thus seduced, it shall be a bar to any further prosecution of the offense;" and in permitting the statute to be read to the jury, it is said, error was committed. But no authority is cited in support of this contention, nor have we been able to find any after considerable research. On the other hand, it was held by the St. Louis Court of Appeals in the case of the State v. Boogher, 8 Mo. App. 599, as shown by the appendix to that volume, that "it is not error for the prosecuting attorney to read to the jury in his opening statement the statutes upon which the action is founded." If the defendant was not guilty as he claimed, he was not embraced within the provisions of the statute, but if guilty he could have availed himself of its provisions with the consent of the prosecuting witness, by marrying her, and thus have escaped the punishment provided thereby, so that, in either event, we are unable to see how he was prejudiced by its being read to the jury. In Commonwealth v. Hill, 145 Mass. 305, it is said: "Those provisions of the statute which directly relate to the offense charged, counsel have always been permitted to read to the jury." We do not think, however, that such a course should be commended (State v. Brooks, 92 Mo. 542). The better practice is to rely

altogether upon written instructions to present the law of the case to the jury.

It is also said that the cross-examination of defendant was improper, but as the record discloses that the only objection thereto was general, it was just as if no objection had been made, and the point unavailable here.

There is no material conflict between the second instruction given on the part of the State, and the fifth given at the instance of defendant. In fact, the latter supplies any apparent defect in the former, in that it requires the jury to find that the prosecuting witness was seduced by promise of marriage, when by the State's second instruction the jury were told that the prosecuting witness is seduced, "within the meaning of that term . . . when by arts and blandishments she is deceived, corrupted and drawn aside from the right path." So that, whatever methods may have been resorted to by defendant in order to seduce Augusta Capps, the seduction must have been brought about by a promise of marriage and the jury were so told in the State's first instruction, and, when the instructions under consideration are read together, as they should be, there is no material conflict between them.

The State's fourth instruction is criticised upon the ground, as claimed, that it leaves it to the jury to say what are material facts that would impeach a witness. Similar instructions have been so often and so universally approved by this court, that it is not deemed necessary to cite authorities upon the question.

The point is made that the court should have given the fourth instruction asked by defendant and refused; but this position is untenable for the reason that the third instruction given in behalf of defendant embodied the same principles, and is couched in substantially the same language, hence, there was no error in refusing it. It is not error to refuse an instruction, however, correct from a legal standpoint it may be, when another is given covering the same principles.

There was some evidence tending to corroborate the prosecuting witness with respect to the promise of defendant to marry her, certainly enough to take the case to the jury whose province it was to pass upon its weight, and the judgment should not be reversed upon that ground.

Nor do we think there is any merit in the contention concerning the seventh and eighth instructions given by the court of its own motion with respect to the reformation of the prosecuting witness before the time she stated she was seduced by defendant. There was evidence that she was of good repute at that time, which tended strongly to show that if she had ever been otherwise than of good repute she had reformed and was following the path of virtue and rectitude at the time of her seduction. [State v. Sharp, 132 Mo. 170.] Taking the instructions altogether they presented the case very fairly to the jury, and especially so on the part of the defendant.

Finding no reversible error in the record the judgment is affirmed.

All concur.